# SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

## July 3, 1917.

## THE PEOPLE v. BURT A. WILSON.

(179 App. Div. 301.)

AGRICULTURAL LAW—MISBRANDING APPLES—SUB. F, SEC. 262, CONSTRUED—CRIMINAL CONVICTION NOT PREREQUISITE TO ACTION FOR PENALTY.

Subdivision (F) of section 262 of the Agricultural Law, as in force January 19, 1916, providing in substance that one who misbrands or adulterates apples shall, "upon conviction thereof," forfeit certain penalties to the people of the State, does not require a conviction in a criminal case as a prerequisite to a suit for the penalty.

The words "upon conviction" refer to the decision or verdict of a jury in a civil action to recover the penalty.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 6th day of April, 1917, upon a dismissal of the complaint by direction of the court upon the pleadings and the opening.

*Merton E. Lewis,* Attorney-General (*Charles M. Stern,* Deputy Attorney-General, of counsel), for the appellant.

*Eugene L. McCollum,* for the respondent.

FOOTE, J.:

The action is to recover a penalty of fifty dollars prescribed by subdivision (F) of section 262 of the Agricultural Law, as in force on January 19, 1916, which is as follows: "Any person who misbrands or adulterates apples within the meaning of this

act, or who violates any of the provisions of this act shall, upon conviction thereof, forfeit and pay to the people of the State of New York a sum of not less than twenty-five dollars nor more than fifty dollars for the first violation and not less than fifty dollars nor more than one hundred dollars for each subsequent violation." (Consol. Laws, chap. 1 [Laws of 1909, chap. 9], § 262, subd. (F), as amd. by Laws of 1915, chap. 217.)*.

The trial court was of opinion that the words "upon conviction thereof" mean a conviction in a criminal case, and that there can be no civil remedy until after such conviction.

This subdivision had its origin in chapter 418 of the Laws of 1914, entitled "An act to regulate the grading, packing, marking, shipping and sale of apples."

Section 8 of that act is as follows: "Any person who knowingly misbrands or adulterates apples within the meaning of this act, or who knowingly violates any of the provisions of this act, shall be deemed guilty of a misdemeanor and, upon conviction, shall be punished for the first offense by a fine not exceeding twenty-five dollars and not less than ten dollars; for the second offense by a fine not exceeding fifty dollars and not less than twenty-five dollars, and for the third and each subsequent offense by a fine not exceeding two hundred dollars and not less than fifty dollars, together, in all cases, with the costs of prosecution."

By chapter 217 of the Laws of 1915 this act was revised and brought into the Agricultural Law, which is chapter 1 of the Consolidated Laws, and the act of 1914 wholly repealed.

It was the clear intent of this revision to prescribe a penalty for its violation and not to make such violation a crime. While the words "upon conviction" found in the former act were retained and are not appropriate for a mere penalty, still

---

* Since amd. by Laws of 1917, chap. 345.—[REP.

the intent of the amended act is reasonably clear that the words " upon conviction thereof " refer to the decision or verdict of a jury in a civil action to recover the penalty. That being the plain intent of the act, it should be so construed, notwithstanding the unfortunate use of words to express that intent.

It is urged, however, by the respondent that there is a further ground upon which the complaint might have been dismissed had it been raised in the trial court, and that is, that the complaint does not allege that the apples were either sold, offered or exposed for sale, or packed for sale, or transported for sale. As this question was not raised below, we think we should not pass upon it here, or now determine whether under the complaint as drawn proof can be offered to show that the apples were either sold or packed or transported for sale.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.